UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LEROY JOHNSON

VERSUS

DOLGENCORP, LLC

CIVIL ACTION

NO. 18-815-BAJ-EWD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 9, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LEROY JOHNSON

VERSUS

DOLGENCORP, LLC

CIVIL ACTION

NO. 18-815-BAJ-EWD

**REPORT AND RECOMMENDATION**

Before the Court is a Notice and Motion to Remand (the "Motion to Remand")[1] filed by plaintiff, Leroy Johnson ("Plaintiff"). DG Louisiana, LLC, "incorrectly captioned 'Dolgencorp, LLC d/b/a Dollar General,'" (hereinafter referred to as "DG Louisiana") has filed an Opposition to the Motion to Remand,[2] and Plaintiff has filed a Response.[3] For the reasons set forth herein, the undersigned **RECOMMENDS**[4] that the Motion to Remand[5] be **DENIED**.

In the event this recommendation is adopted, the undersigned further **RECOMMENDS** that this matter be referred to the undersigned for a scheduling conference.[6]

## I. Background

On May 23, 2018, Plaintiff filed a Petition for Damages (the "Petition") in state court seeking to recover damages for injuries allegedly sustained while "leaving the Dollar General Store located off Hwy 1 South in Donaldsonville, Louisiana when [Plaintiff] stepped out of his car and his leg became entrenched in a deeply embedded unleveled pot hole."[7] Plaintiff's Petition does

---

[1] R. Doc. 5.

[2] R. Doc. 8.

[3] R. Doc. 12.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[5] R. Doc. 5.

[6] The previously set scheduling conference was cancelled to allow resolution of the Motion to Remand. R. Doc. 7.

[7] R. Doc. 1-1, ¶ 3.

not set out any specific injuries; instead, Plaintiff contends that he seeks to recover damages for "past, present and future pain and suffering," "past, present and future medical expenses," "humiliation and embarrassment," "inconvenience," and "loss of enjoyment of life."[8]

On August 31, 2018, DG Louisiana filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.[9] With respect to the amount in controversy, DG Louisiana asserts that it was served with the Petition on May 29, 2018,[10] but that the Petition did not include any information that put DG Louisiana on notice of the potential amount in controversy.[11] DG Louisiana further explains that it filed a Dilatory Exception of Vagueness and Answer with Jury Demand in the state court proceedings on August 29, 2018, and that on August 30, 2018, "Plaintiff's counsel sent an e-mail to undersigned counsel, informing undersigned counsel that the damages in this matter exceed $75,000.00, exclusive of interest and costs."[12] Based on that email, DG Louisiana filed its Notice of Removal the following day.

---

[8] R. Doc. 1-1, ¶ 5.

[9] R. Doc. 1, ¶ 4. Per the Notice of Removal, Plaintiff is a domiciliary of Louisiana and "DG Louisiana, LLC is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee." R. Doc. 1, ¶ 4. Although DG Louisiana asserts in the Notice of Removal that "[t]he 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, is located within the Western District of Louisiana," R. Doc. 1, ¶ 8, the 23rd Judicial District Court is located within the Middle District of Louisiana. 28 U.S.C. § 98(b). As such, this Court is the proper federal district court for removal pursuant to 28 U.S.C. § 1441(a).

[10] R. Doc. 1, ¶ 1.

[11] R. Doc. 1, ¶ 2.

[12] R. Doc. 1, ¶ 3; R. Doc. 1-2 (August 30, 2018 email from Plaintiff's counsel stating "the damages in this matter exceed $75,000 dollars, however the deadline for removal has passed according to 28 U.S. Code 1446."). In the same August 30, 2018 email, Plaintiff's counsel asserts that the "Dilatory Exception of Vagueness is now invalid as our office has filed and received a Judgment of Preliminary Default in this matter for failure to respond within the time delays allowed by law." R. Doc. 5-3, p. 9. The record does not contain a Judgment of Preliminary Default but does include an unfiled Motion for Entry of Judgment of Default. *See*, R. Doc. 5-3, pp. 18-19. The Motion for Entry of Judgment of Default requests that the state court "enter a judgment by default…in accordance with Code of Civil Procedure Article 1701." R. Doc. 5-3, p. 18. La. C.C.P. art. 1701 provides the procedure for obtaining a preliminary default. Under Louisiana law, "a defendant may file his answer or other pleading at any time prior to the signing of a

On September 27, 2018, Plaintiff filed the instant Motion to Remand.[13] Plaintiff's sole argument in favor of remand is that the removal was not filed within 30 days of May 29, 2018 – the date both parties agree DG Louisiana was served.[14]

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[15] When original jurisdiction is based on diversity of citizenship,[16] the cause of action must be between "citizens of different States"[17] and

---

final default judgment against him." La. C.C.P. art. 1002. Despite Plaintiff's counsel's assertion that the Dilatory Exception was "invalid," the state court set the Exception for hearing and it appears that the suit was proceeding on substantive grounds prior to Defendant's removal. R. Doc. 5-3, p. 30. Plaintiff does not explain the significance of the purported Judgment of Preliminary Default. Because there is no indication that a final default judgment was entered against the Defendant and because it appears that this suit was proceeding in state court prior to Defendant's removal, Plaintiff's Judgment of Preliminary Default does not have any bearing on the timeliness of Defendant's removal.

[13] R. Doc. 5.

[14] R. Doc. 1, ¶ 1; R. Doc. 5-1, p. 2. Although Plaintiff asserts in his Motion that remand is proper because "this Court lacks subject-matter jurisdiction," R. Doc. 5, ¶ 4, Plaintiff's Motion to Remand is based only on timeliness and Plaintiff seems to concede that the parties are completely diverse and the amount in controversy requirement is met. *See*, R. Doc. 5-1, p. 1 ("although the requirements for diversity jurisdiction may exist, defendants [sic] removal is not timely under 28 U.S.C. § 1446."). Indeed, Plaintiff's argument in favor of remand is based on his position that DG Louisiana should have known prior to the filing of the Petition that "the amount in controversy would exceed $75,000…." R. Doc. 5-1, p. 2. *See also*, R. Doc. 5-1, p. 7 ("By February 6, 2018, defendant was well aware that the amount in controversy would exceed $75,000.00.") & p. 4 ("The case stated in the original petition was removable…."). "Timeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection." *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007). *See also*, *Lilly v. Dollar General Corp.*, Civil Action No. 17-459, 2017 WL 4836539, at * 1, n. 1 (M.D. La. Sept. 18, 2017) ("Timeliness of removal is a procedural defect that is waived if not raised within 30 days of the filing of the notice of removal.") (citing 28 U.S.C. § 1447(c); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 515 (5th Cir. 1992) (one-year limitation on removal contained in 28 U.S.C. § 1446 is not jurisdictional, and this procedural defect must be raised within 30 days of notice of removal); *In re Shell Oil Co.*, 932 F.2d 1518, 1522-23 (5th Cir. 1991) (noting that defects in removal procedure include all non-jurisdictional defects, and concluding that plaintiffs waived any non-jurisdictional grounds for remand existing at time of removal by not moving to remand within 30 days of notice of removal)). Plaintiff's argument for remand is, thus, a procedural, rather than jurisdictional one.

[15] 28 U.S.C. § 1441(a).

[16] 28 U.S.C. § 1332(a)-(a)(1).

[17] Plaintiff apparently concedes that DG Louisiana, LLC, is the party Plaintiff intended to sue. *See*, R. Doc. 5, ¶ 2 ("On August 31, 2018, defendant, DG Louisiana, LLC (incorrectly captioned 'Dolgencorp, LLC d/b/a Dollar General') filed a Notice of Removal…."); R. Doc. 5-1, p. 6 ("In this case, service was accomplished on DG Louisiana, LLC (incorrectly captioned as Dolgencorp, d/b/a Dollar General) DOLGENCORP D/B/A DOLLAR GENERAL AND DOLLAR GENERAL as defense counsel has conceded in its removal that DG Louisiana is a member of

the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[18] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[19] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[20] The removing party has the burden of proving federal diversity jurisdiction.[21] Remand is proper if at any time the court lacks subject matter jurisdiction.[22]

**B. The Notice of Removal Is Timely**

As noted above, Plaintiff's Motion to Remand is premised solely on his position that the removal was untimely. Plaintiff argues that his counsel informed DG Louisiana's claims representative in February 2018 (*i.e.*, prior to the filing of the state court suit) that Plaintiff was scheduled to have knee surgery, as well as additional treatment and therapy.[23] Based on this

---

Dolgencorp is a member of Dollar General through personal service by certified mail on May 29, 2018."). Based on the allegations of citizenship in the Notice of Removal, both Dolgencorp, LLC, and DG Louisiana, LLC, are citizens of Tennessee. *See*, R. Doc. 1, ¶ 4. Accordingly, either entity is diverse from Plaintiff.

[18] Where, as here, a plaintiff has not alleged a specific amount of damages in the petition, a removing defendant bears the burden of proving, by a preponderance, that the amount in controversy likely exceeds $75,000. *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999). As noted above, both parties maintain that the amount in controversy exceeds the jurisdictional threshold. *See*, n. 14, *supra*. Considering Plaintiff's counsel's explicit statement in his email correspondence to defense counsel that the damages in this matter exceed $75,000, the undersigned finds that DG Louisiana has established, by a preponderance, that the amount in controversy likely exceeds the jurisdictional threshold, although Plaintiff's counsel's non-specific assertions that Plaintiff was scheduled to have knee surgery would not necessarily satisfy the amount in controversy requirement. *See*, *Palmer v. Wal-Mart Stores*, *Inc.*, Civil Action No. 09-225, 2009 WL 2136513, at * 3, n. 5 (M.D. La. June 16, 2009) (noting that the costs of a total knee replacement surgery could cost anywhere between $20,000 to $50,000, but that "[w]ithout medical evidence as to the specific type of knee surgery….as well as evidence regarding [plaintiff's] other claimed damages….the Court cannot determine whether the amount in controversy in this matter exceeds $75,000.00.").

[19] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[20] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[21] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[22] *See*, 28 U.S.C. § 1447(c).

[23] R. Doc. 5-1, p. 2.

information and Plaintiff's counsel's request for insurance information,[24] Plaintiff argues that "[t]he case stated in the original petition was removable, thus proper removal by defendant should have been within the first thirty days of service with a removal deadline of June 28, 2018."[25] Additionally, Plaintiff characterizes the pre-suit discussion with DG Louisiana's claims representative as an "other paper" that, when combined with the May 23, 2018 service, should have triggered the second 30-day deadline to remove set forth in 28 U.S.C. § 1446(b)(3).

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> …
>
> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[26]

With respect to the 30-day period from the defendant's receipt of the initial pleading, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first

[24] Plaintiff states that "the Law Office of Marvin Gros, requested policy limits for the defendant in which, Garrett Coleman produced a self-insured policy of insurance and informed counsel that there was an excess carrier as well." R. Doc. 5-1, p. 5. However, it does not appear that Plaintiff made a policy limit demand or indicated damages potentially implicating an excess policy. Per a February 6, 2018 letter from DG Louisiana's claims representative to Plaintiff's counsel, the claims representative stated that "Dollar General is self-insured and self-administered for General Liability up to $750,000.00. Please advise if you need a copy of the declarations page for our excess carrier." R. Doc. 5-3, p. 37.

[25] R. Doc. 5-1, *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999). p. 4.

[26] 28 U.S.C. § 1446(b)(1) & (b)(3).

paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'"[27] Although Plaintiff argues that the original Petition was removable upon service because "[i]t would have been easily ascertainable and reasonable for defendant to infer that damages would exceed $75,000 based on the pending treatment and the knee surgery alone," the Fifth Circuit has rejected a "due diligence" standard that would require a defendant to inquire as to the amount in controversy and has instead set out a bright line rule.[28] If a plaintiff wants the 30-day period in § 1446(b)(1) to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount."[29] The initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action set out in § 1446(b)(1) was not triggered by service of the initial pleading.

With respect to triggering the 30-day time period from defendant's receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," as provided in § 1446(b)(3), the Fifth Circuit has held that

---

[27] *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).

[28] *Chapman*, 969 F.2d at 162. *See also*, *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("[T]his Court has held that the defendant's subjective knowledge cannot convert a case into a removable action.") (citing *Chapman*).

[29] *Chapman*, 969 F.2d at 163. Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts. *See*, La. C.C.P. art. 893. In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims to trigger the time limit for filing the notice of removal. In *Mumfrey*, a subsequent panel criticized this portion of *Bosky*, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as "a line that has become the source of significant confusion"). *See*, *Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, *3 (W.D. La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document.[30] This Court has explained that the "standard for triggering removal upon a subsequent 'amended pleading, motion, order, or other paper,' as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30 day period for removal based on an initial pleading, as provided in § 1446(b)(1)."[31] Here, Plaintiff again argues that "Defendant should have easily recognized the potential value of the Plaintiff's claims with communications with its representatives authorized to resolve this matter"[32] and therefore the thirty-day clock for removal under § 1446(b)(3) was also triggered upon service of the Petition (when combined with the pre-suit communications which Plaintiff characterizes as the necessary "other paper").

Plaintiff's argument has been expressly rejected. In *Chapman*, the Fifth Circuit held that for an "other paper" to trigger the 30-day time period set forth in § 1446(b)(3), that "other paper" must be received by the defendant *after* defendant receives the initial pleading.[33] Even setting aside the timing of Plaintiff's counsel's communication with DG Louisiana's claims representative, the Fifth Circuit has also held that the "other paper" required by § 1446(b)(3) "must be contained in a writing."[34] Here, not only did the communication regarding surgery upon which Plaintiff relies occur prior to DG Louisiana's receipt of the initial pleading, it also does not

[30] *See*, *Bosky*, 288 F.3d at 211 ("information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b).").

[31] *Daniel v. Lowe's Home Centers, LLC*, Civil Action No. 16-374, 2016 WL 6562073, at * 4 (M.D. La. Oct. 11, 2016), report and recommendation adopted, 2016 WL 6561565 (Nov. 1, 2016).

[32] R. Doc. 5-1, p. 6.

[33] In *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) (finding that a pre-suit letter from plaintiff's counsel advising of medical expenses exceeding the jurisdictional threshold as well as pre-suit receipt of medical bills did not trigger the 30-day "other paper" deadline upon defendant's receipt of the initial pleading because "[b]y its plain terms, the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' after it receives the initial pleading.").

[34] *See*, *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 (5th Cir. 2018) (holding that receipt of deposition transcript, rather than deposition testimony itself, triggered the § 1446(b)(3) period).

constitute an "other *paper*."[35] Accordingly, the undersigned finds that the 30-day deadline set out in § 1446(b)(3) was not triggered upon DG Louisiana's receipt of the Petition, nor was it triggered based on pre-suit communications with DG Louisiana's claims representative. Accordingly, DG Louisiana's removal was timely.[36]

## III. Recommendation

For the reasons set forth herein, **RECOMMENDS** that the Motion to Remand[37] be **DENIED**.

In the event this recommendation is adopted, the undersigned further **RECOMMENDS** that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on April 9, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[35] Per an affidavit executed by Stacey B. Stephens, Ms. Stevens states that she spoke with risk management personnel for Dolgencorp, LLC in "February of 2018 in regards [sic] requesting the policy limits…." Ms. Stephens further states that she "advised that a demand was not in order at present, as the instant plaintiff, Leroy Johnson had been informed of the need for a knee surgery and was in the process of scheduling such…." R. Doc. 5-2. The referenced February 2018 communications took place prior to service of the petition and there is no indication that such communications were in writing so as to constitute an "other paper."

[36] Plaintiff's counsel's August 30, 2018 email stating that "the damages in this matter exceed $75,000 dollars" is an "other paper" that is "unequivocally clear and certain" with respect to the amount in controversy to trigger the 30-day period of § 1446(b)(3), and DG Louisiana timely removed prior to expiration of that 30-day period. *See, Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) (noting that removal was proper because plaintiff's counsel had sent defendants a letter "stating that the amount in controversy exceeded $50,000," then the minimum requirement for diversity cases); *see also, Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding that a demand letter can serve as an "other paper from which it may be first ascertained that the case is one which is or has become removable" for the purpose of determining whether removal is timely under 28 U.S.C. § 1446(b)); *Budri v. FirstFleet, Inc.*, No. 3:17-cv-2945, 2017 WL 5613407, at * 2 (N.D. Tex. Nov. 3, 2017) ("FirstFleet therefore properly utilized this email—as "other paper" under Section 1446(b)(3)—to "locate the basis of federal jurisdiction ... necessary to support [Budri's] claim[s]."); *Credeur v. York Claim Service*, Civil Action No. 13-1367, 2013 WL 5935477 (W.D. La. Nov. 4, 2013) (affirming magistrate judge's determination that email correspondence and attachments constituted an "other paper" triggering the thirty-day removal period).

[37] R. Doc. 5.