UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY JOHNSON                                                      CIVIL ACTION

VERSUS

DOLGENCORP, LLC                                     NO. 18-00815-BAJ-EWD

### RULING AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 50). The Motion is opposed. (Doc. 53). For the reasons stated herein, Plaintiff's Motion is **DENIED.**

Plaintiff's Motion will be denied for failure to comply with the Court's Local Rules regarding submission of evidence in support of his Motion. The Court's Local Rules provide that a party seeking summary judgment must submit a Supporting Statement of Material Facts, specifically defined as:

> a separate, short, and concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables **and shall be supported by a record citation as required by subsection (f) of this rule.**

M.D. La. LR 56(b). In turn, Local Rule 56 subsection (f) provides, in relevant part:

> An assertion of fact set forth in a statement of material facts **shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.** The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

1

M.D. La. LR 56(f).

Here, Plaintiff has purported to submit a statement of undisputed material facts in support of his Motion, yet has failed to identify or cite any record evidence whatsoever to substantiate these "facts." (*See* Doc. 50-3). The Court has repeatedly admonished that "summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting his claims cannot carry his burden of showing a genuine, material dispute (or lack thereof)." *Mitchell v. Diamond Plastics Corp.*, No. 18-cv-00919-BAJ-RLB, 2021 WL 1234520, at *1 (M.D. La. Mar. 31, 2021) (Jackson, J.) (emphasis in original, quotation marks omitted); *see also Gerkin v. McMurdo*, No. 19-cv-00249, 2021 WL 664840, at *1 (M.D. La. Feb. 19, 2021) (Jackson, J.); *Combs v. Exxon Mobil Corp.*, No. 18-cv-00459, 2020 WL 5121362, at *6 (M.D. La. Aug. 31, 2020) (Jackson, J.). Further, the Court has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that "fails to comply with the Local Rules does so at his own peril." *Combs*, 2020 WL 5121362, at *2.

Due to Plaintiff's failure to identify and cite record evidence supporting his assertions, the Court disregards his purported statement of undisputed material facts. M.D. La. LR 56(f). As a result, the Court lacks an evidentiary basis to determine the merits of Plaintiff's Motion, and Plaintiff has failed to carry his burden of proving "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 50) is **DENIED.**

Baton Rouge, Louisiana, this 19th day of January 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA