UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY JOHNSON                                                CIVIL ACTION

VERSUS

DOLGENCORP, LLC                                              NO. 18-00815-BAJ-EWD

## ORDER

Before the Court is Defendant's **Motion for Summary Judgment. (Doc. 51).** The Motion is opposed. (Doc. 54).

In his Opposition to Defendant's Motion, Plaintiff failed to comply with the Court's Local Rules. (Doc. 54-1). Local Civil Rule 56(c) provides:

> **Opposing Statement of Material Facts.** A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. **The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule.** Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule.

M.D. La. LR 56(c) (emphasis added). Plaintiff failed to admit, deny, or qualify Defendant's Statement of Uncontested Material Facts by reference to each numbered paragraph as directed by Local Civil Rule 56(c). Plaintiff further failed to support each denial or qualification by a record citation. (*See* Doc. 54-1; Doc. 51-2).

1

Local Civil Rule 56(f) further provides:

An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. **The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.** The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

M.D. La. LR 56(f) (emphasis added). Plaintiff failed to file any record evidence whatsoever in support of his Opposition to Defendant's Motion. (*See generally* Doc. 54–Doc. 54-1). While Plaintiff refers to deposition testimony of Defendant's employees, Plaintiff did not file any deposition testimony into the record. The Court cannot rely on Plaintiff's recitation of deposition testimony alone without reviewing the actual testimony itself, filed as record evidence.

To survive summary judgment, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of Defendant's Motion, and therefore, the Court could grant Defendant's Motion for Summary Judgment on this basis alone.").

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted).

Because Plaintiff cited four pages of deposition testimony in his Opposition to Defendant's Statement of Uncontested Material Facts (Doc. 54-1), but failed to provide this testimony to the Court, the Court will permit Plaintiff to file the deposition testimony outlined below no later than Tuesday, January 25, 2022. The Court will then adjudicate Defendant's Motion for Summary Judgment.

Accordingly,

**IT IS ORDERED** that on or before Tuesday, January 25, 2022, Plaintiff shall file the following exhibits in the record: (1) Katira Fair Deposition, pages 13–14; (2) Candace Cola Deposition, page 14; and (3) Monique Bergeron Deposition, page 14. The Court will not consider additional evidence apart from these specific references, as cited in Plaintiff's Opposition to Defendant's Statement of Uncontested Material Facts. (Doc. 54-1).

Baton Rouge, Louisiana, this 19th day of January 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**