# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LEROY JOHNSON                                    CIVIL ACTION

VERSUS

DOLGENCORP, LLC                          NO. 18-00815-BAJ-EWD

## RULING AND ORDER

Before the Court is Defendant's **Motion for Summary Judgment. (Doc. 51).**
The Motion is opposed. (Doc. 54). The Court permitted Plaintiff the opportunity to file
certain exhibits into the record that Plaintiff cited in his Opposition but failed to
provide. (Doc. 60). Plaintiff complied with the Court's Order and filed the exhibits
into the record. (Doc. 63). In response, Defendant requested leave to file a Reply
Memorandum in support of its Motion for Summary Judgment, which the Court
granted. (Doc. 64; Doc. 73; Doc. 74).

For the reasons stated herein, Defendant's Motion is **GRANTED.**

## I. BACKGROUND

### A. Facts

This case arises out of Plaintiff's alleged fall in the parking lot of a
Dollar General store in Donaldsonville, Louisiana.[1] (Doc. 1-1, ¶ 3). Plaintiff alleges

---

[1] Plaintiff filed suit against Defendant Dolgencorp, LLC, d/b/a Dollar General. Defendant
contends that it was incorrectly named as "Dolgencorp, LLC," and its correct name is
DG Louisiana, LLC. (Doc. 1, p. 1). The Court will refer to this entity as "Dollar General" or
Defendant.

that he stepped out of his car in the Dollar General parking lot and that his leg became "entrenched in a deeply embedded unleveled pot hole." (*Id.*).

Plaintiff testified that after shopping at Dollar General, he started his truck, began driving, and noticed his truck lights were dim.[2] (Doc. 51-2, ¶ 2). Plaintiff then made a U-turn and parked in the parking lot to determine the cause of the dim truck lights. (*Id.*). Plaintiff testified that when he parked to check on his truck lights, he

---

[2]     Defendant filed a Statement of Undisputed Facts in support of its Motion, supported by record evidence, as required by Local Civil Rule 56. (Doc. 51-2). Plaintiff's Opposition to same, however, fails to comply with the Court's Local Civil Rules. (Doc. 54-1). Local Civil Rule 56(c) requires the following:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation.

Plaintiff failed to admit, deny, or qualify each fact by reference to each numbered paragraph. Instead, Plaintiff provided one paragraph wherein he disputed one fact: whether Defendant knew of the existence of the alleged pothole.

Local Civil Rule 56(f) provides that "[f]acts contained in a supporting [] statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Accordingly, the Court will deem each of Defendant's stated facts admitted pursuant to Rule 56(f), with the exception of the following: whether Defendant knew of the existence of the alleged pothole.

The Court has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that "fails to comply with the Local Rules does so at his own peril." *Combs v. Exxon Mobil Corp.*, No. 18-cv-00459, 2020 WL 5121362, at *6 (M.D. La. Aug. 31, 2020) (Jackson, J.).

parked in an area that was not well lit. (*Id.* at ¶ 3). Plaintiff then exited his car, walked to the bed of his truck, and allegedly fell in a hole. (*Id.* at ¶ 4).

When asked to describe the area of the parking lot where he allegedly fell, Plaintiff testified that he would "be guessing because [he] really [does not] know exactly what hole it was or whatever, but [he] knew what area [he] was in." (*Id.* at ¶ 5). Plaintiff could only describe the area where he allegedly fell as a "cracked hole," but could not describe how much change in elevation existed between the hole and the parking lot itself. (*Id.* at ¶ 6). Plaintiff could only "guess" how deep the hole was and said it was "more than an inch" deep. (*Id.* at ¶ 7). Plaintiff further testified that he has no information about how the alleged accident-causing hole was formed or how it existed in the parking lot. (*Id.* at ¶ 8). Plaintiff was aware of a separate pothole near the entrance of the store parking lot ("entrance pothole") prior to his alleged accident. (*Id.* at ¶¶ 7–8). Plaintiff testified, however, that his alleged fall occurred three to four car lengths from the entrance pothole. (*Id.*).

Plaintiff seeks damages from Defendant for its alleged negligence.[3] (Doc. 1-1, ¶ 4). Defendant now moves for summary judgment, arguing that Plaintiff cannot establish what caused him to fall, whether Defendant created the alleged condition, or whether Defendant had notice of the alleged accident-causing condition before the incident. (Doc. 51).

---

[3] Specifically, Plaintiff asserts claims against Defendant for the following: (1) failure to keep an orderly place to prevent accidents; (2) failure to inspect and prevent unsafe premises; (3) failure to provide safe premises for customers; (4) failure to warn customers of unsafe premises; and (5) any and all other acts of negligence. (Doc. 1-1, ¶ 4).

### B. Procedural History

Plaintiff filed suit on May 23, 2018, in the 23rd Judicial District Court for the Parish of Ascension. (Doc. 1-1). Thereafter, Defendant removed this case to the Court based on diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1). Plaintiff moved to remand this matter back to state court, but the Court denied Plaintiff's motion. (Doc. 5; Doc. 13; Doc. 14). Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Meadors v. D'Agostino*, No. CV 18-01007-BAJ-EWD, 2020 WL 1529367, at *3 (M.D. La. Mar. 30, 2020) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Thereafter, the parties filed cross-Motions for Summary Judgment. (Doc. 50; Doc. 51). The Court previously denied Plaintiff's Motion for Summary Judgment for failure to cite record evidence in support of his Motion. (Doc. 59). The Court now turns to Defendant's Motion for Summary Judgment. (Doc. 51).

## II.    LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of Defendant's Motion, and therefore, the Court could grant Defendant's Motion for Summary Judgment on this basis alone.").

"Although the defendant has the burden to establish that summary judgment is appropriate, its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory, element of the plaintiff's claim." *Myles v. Cajun Operating Co.*, No. CV 16-612-JWD-RLB, 2017 WL 8640923, at *2 (M.D. La. Oct. 11, 2017) (citing *Jolliff v. United States*,

5

2012 WL 2449952, at *6 (E.D. La. June 27, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

## III.    DISCUSSION

Louisiana's Merchant Liability Act, Louisiana Revised Statutes § 9:2800.6, establishes a plaintiff's burden of proof in a fall incident on a merchant's premises due to a hazardous condition in or on the premises. As a threshold matter, the plaintiff must prove the existence of a hazardous condition that caused his fall. La. R.S. § 9:2800.6(B). Thereafter, the plaintiff must establish that:

> (1) The condition presented an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable case.

*Id.* Plaintiff's failure to prove any one of these required elements will prove fatal to his claim. *Bailey v. RaceTrac Petroleum, Inc.*, No. CV 20-00303-BAJ-RLB, 2021 WL 1792081, at *2 (M.D. La. May 5, 2021) (citing *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1086 (La. 1997)).

Here, Defendant argues that Plaintiff's claim fails at the gate because he cannot establish what hazardous condition on Defendant's premises caused his fall, and therefore, cannot establish that there was an unreasonable risk of harm. (Doc. 51-1, p. 6–8). The Court agrees. At his deposition, Plaintiff attributed his fall to a "cracked hole," but could not recall the depth of the hole other than to hazard a

6

"guess" that it was at least one inch deep. (Doc. 51-2, ¶¶ 6–7).[4] Moreover, Plaintiff could not accurately recall the location of the hole, stating "I'd be guessing because I really don't know exactly what hole it was or whatever, but I knew what area I was in." (*Id.* at ¶ 5). And while Plaintiff also testified that he took photos of the hole "days afterwards," no photos have been provided to the Court. (Doc. 51-4, p. 7, 106:8–23).[5]

Louisiana courts have granted summary judgment when plaintiffs have failed to establish on what object they fell. *Hotard v. Sam's E., Inc.*, No. CV 19-304-JWD-EWD, 2021 WL 2700381, at *8 (M.D. La. June 30, 2021) (internal citations omitted). In *Ton v. Albertson's, LLC*, 50,212 (La. App. 2d Cir. 11/18/15); 182 So. 3d 246, the appellate court affirmed the granting of summary judgment to a store after a patron fell outside of it. The appellate court explained:

> In his deposition, Mr. Ton admitted that he could not say exactly where his wife fell or where she was when he saw her on the ground. He took photographs of the area a day or two after the incident. One photograph attached to his deposition excerpt shows a measurement of the small crack along the expansion joint where he thought his wife tripped. But when asked to circle the general area of where he saw her on the ground, he responded, "You're kidding?"

---

[4] Plaintiff argues in his summary judgment briefing that the size of the pothole was evident based on Plaintiff's testimony that he was "able to fit his entire foot inside of it and that the pothole held water after it rained." (Doc. 54, p. 5). Yet, Plaintiff failed to provide any deposition testimony supporting this argument to the Court. The Court cannot rely on Plaintiff's characterization of his testimony alone without the testimony itself.

[5] Plaintiff attempts to bolster his testimony regarding the alleged pothole at issue by directing the Court's attention to the deposition testimony of Monique Bergeron and Candice Cola, Defendant's employees. (Doc. 54, p. 4). The Court is not persuaded because, quite simply, Bergeron and Cola's testimony describes a separate and distinct pothole from that which allegedly caused Plaintiff's injury. (Doc. 63-3, p. 2; Doc. 63-2, p. 2; Doc. 51-2, ¶¶ 7–8; Doc. 51-4, p. 5). Accordingly, their testimony obviously cannot establish the existence or size of the pothole that allegedly caused Plaintiff's injury, or that it constituted an unreasonable risk of harm. Defendant's employee Katira Fair's testimony regarding the parking lot generally does not persuade otherwise.

7

In her deposition, Mrs. Ton said that her foot hit something or seemed to go into something when she fell. However, she did not identify what that something may have been. She testified that she was in pain as she sat on the ground after falling. She recalled that she was facing the building and was catercorner, but she did not remember anything about the ground. She could not say for certain where she fell.

. . .

[T]he Tons' speculation that Mrs. Ton tripped on the small crack along the expansion joint cannot provide the factual support necessary to show that they would be able to meet the burden of proving causation at a trial. The after-the-fact identification of the small crack along the expansion joint as the alleged cause of the fall, particularly when the plaintiffs could not recall where Mrs. Ton fell, is not circumstantial evidence that creates a genuine issue for trial. Because there is no genuine issue of material fact as to causation, summary judgment in favor of Albertsons was properly granted.

*Hotard,* 2021 WL 2700381, at *8 (citing *Ton,* 182 So. 3d at 250–251).

Relying on *Ton,* the Court recently granted summary judgment in favor of the defendant in *Hotard v. Sam's East, Inc.* No. CV 19-304-JWD-EWD, 2021 WL 2700381, at *8 (M.D. La. June 30, 2021). In *Hotard,* plaintiff similarly "failed to show on what object [plaintiff] tripped." *Id.* at *9. The Court held that plaintiffs could not "provide the factual support necessary to show that they would be able to meet the burden of proving causation at a trial," noting that plaintiffs failed to cite specific record evidence on the issue. *Id.* at *9 (citing *Ton,* 182 So. 3d at 251).

The Court finds this case to be similar. Plaintiff has failed to present evidence establishing what object caused his alleged fall. Specifically, Plaintiff does not "know exactly what hole it was or whatever" that caused his fall. (Doc. 52-1, ¶ 5). Without any additional evidence establishing the existence of the alleged pothole at issue, the Court is left only with Plaintiff's speculation, which is insufficient to establish a

genuine issue of material fact. *See White v. Wal-Mart Stores, Inc.,* 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084 ("The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall."). *See Myles v. Cajun Operating Co.,* No. CV 16-612-JWD-RLB, 2017 WL 8640923, at *2 (M.D. La. Oct. 11, 2017) (granting summary judgment in favor of defendant due to plaintiff's failure to present evidence sufficient to raise a genuine issue to be tried); *Bearb v. Wal-Mart La. Liab. Corp.,* 534 F. App'x 264, 265 (5th Cir. 2013) (affirming summary judgment in favor of defendant because plaintiff was unable to create a genuine dispute of material fact to survive summary judgment when plaintiffs offered "only speculation and their own unsubstantiated statements to support their claims") (citing Fed. R. Civ. P. 56(a); *see also Babin v. Dollar Gen.,* No. CV 18-00106-BAJ-SDJ, 2020 WL 2091821, at *1 (M.D. La. Apr. 30, 2020), *reconsideration denied,* No. CV 18-00106-BAJ-SDJ, 2020 WL 3621183 (M.D. La. July 2, 2020) (granting summary judgment in favor of defendant when plaintiff could not prove the existence of the alleged condition that presented an unreasonable risk of harm to her, namely, the water on the floor). Having failed to adequately establish that there was an unreasonable risk of harm—an essential element of his claim—Plaintiff's action cannot survive summary judgment. *Myles,* 2017 WL 8640923, at *2.

The Court has previously noted that "Louisiana's Merchant Liability Act [] is exceedingly strict and demands more than mere speculation to support a claim

against a merchant." *Bailey v. RaceTrac Petroleum, Inc.*, No. CV 20-00303-BAJ-RLB, 2021 WL 1792081, at *3 (M.D. La. May 5, 2021); *see also Mohammad v. P.F. Chang's China Bistro, Inc.*, No. CV 11-706-JJB, 2013 WL 12138863, at *4 (M.D. La. Mar. 25, 2013), *aff'd sub nom. Mohammad v. P.F. Chang's China Bistro*, 548 F. App'x 236 (5th Cir. 2013) ("The burden imposed on a plaintiff in cases under the merchant-premises liability statute is indeed a harsh one which is heavily weighted in favor of the merchant."). Because Plaintiff has failed to present evidence sufficient to raise a genuine issue to be tried, Defendant's Motion for Summary Judgment (Doc. 51) is **GRANTED**.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Dolgencorp, LLC's **Motion for Summary Judgment (Doc. 51) is GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE.**

A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this _15th_ day of March, 2022

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**